FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 AUG -1  AM 10: 32

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| LINDA J. DAVIS, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2387-Ma/P |
| FEDERAL EXPRESS, | X | |
| Defendant. | X | |

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER DIRECTING PLAINTIFF TO AMEND COMPLAINT

The plaintiff, Linda J. Davis, has filed a pro se employment discrimination complaint under Title VII, along with motions to proceed in forma pauperis and for appointment of counsel. The motion to proceed in forma pauperis in GRANTED. The Clerk of Court is ORDERED to record the defendant as Federal Express. The Clerk shall not issue process or serve any papers until further ordered by the Court.

Two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1]

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on  8-1-05

Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[2] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the

---

[2] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

Court is unable to conclude that plaintiff has satisfied that standard. Moreover, a review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Furthermore, it does not appear from the affidavit supporting plaintiff's motion that she will be unable to obtain counsel on her own. The motion for appointment of counsel is DENIED.

Under 42 U.S.C. § 2000e-5(f)(1), an employee must file a civil action within ninety days of the receipt of the notice of right to sue. Davis alleges in the complaint that she filed her charge of discrimination on May 18, 2000 and received her notice of right to sue on December 18, 2002. Plaintiff filed this complaint on May 25, 2005. A claimant in a Title VII case must demonstrate to the Court that the time limit for filing her lawsuit has not expired. The time limitations for filing Title VII actions, however, are not jurisdictional and may be tolled. Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982). But "[e]quitable tolling, or waiver, . . . is available only in compelling cases which justify a departure from established procedures." Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1488 (6th Cir. 1989).

If Davis received the right-to-sue letter over ninety days before May 25, 2005, she must demonstrate good cause for extending the ninety-day statute of limitations through equitable tolling. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990); Banks v. Rockwell Int'l North American Aircraft Operations, 855 F.2d 324, 326 (6th Cir. 1988). A generalized claim of ignorance of

3

the proper avenue for pursuing a Title VII remedy is not a basis for equitable tolling. See Jackson v. Richards Medical Co., 961 F.2d 575, 579 (6th Cir. 1992).

Plaintiff has at this point failed to state a cause of action under Title VII that would warrant an answer from the defendant. She is therefore directed to amend her complaint to show she has filed this complaint within ninety days of receiving her notice or grounds for the application of equitable tolling of the statute of limitations. The amendment must be typed or hand-printed on 8 ½ by 11 inch paper, one side to a sheet. The plaintiff must personally sign the amendment.

Davis must file an amended complaint within twenty (20) days of the docketing of this order. A failure to timely comply with any requirement of this order will result in the dismissal of the complaint in its entirety. The plaintiff must also keep this Court informed of her current address. If plaintiff fails to inform the Court of a change of address, she will not be excused for failing to comply with the Court's orders and deadlines because an order was delayed or not delivered.

IT IS SO ORDERED this 29th day of July, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02387 was distributed by fax, mail, or direct printing on August 1, 2005 to the parties listed.

---

Linda J. Davis
3916 Ravenoak Dr.
Apt. 258
Memphis, TN 38115

Honorable Samuel Mays
US DISTRICT COURT